22180. GEORGIA PEACH GROWERS EXCHANGE *v.* REEVES *et al.*

SUTTON, J. This was a suit on a contract for the sale of peaches between a co-operative marketing corporation and certain growers, for an alleged breach thereof by the corporation in failing to account to the growers for peaches sold at the prices which the corporation stated the peaches brought, the corporation agreeing that upon the sale of the peaches they would notify the growers of the prices at which they were sold. To the petition the defendant demurred, the demurrer was overruled, and to this judgment the defendant excepted. *Held:*

1. Regardless of whether a co-operative marketing contract can be changed or altered, the defendant corporation agreed to act as exclusive selling agent for the plaintiffs in selling their peaches, and agreed to sell them at the best price obtainable, and when the plaintiffs protested that the defendant was not doing this, there was nothing in the written contract to prohibit the defendant from then agreeing, upon the plaintiffs' refusal to deliver to it any more peaches for sale, to sell and handle the peaches of the plaintiffs by notifying them what the peaches were selling for.

2. When the defendant failed to sell the peaches at the best prices obtainable, the plaintiffs had the right to complain and refuse to allow it to sell any more of their peaches, and when they did so, the defendant

could agree to sell them as was stipulated and make reports as to the amounts for which they were sold, and this could be done without abrogating the written contract, and where the defendant sold the peaches under this agreement and failed to settle or pay plaintiffs on the basis of the prices at which it had informed plaintiffs that it sold the peaches, plaintiffs could bring their action for the alleged difference between what the peaches were reported to have been sold for and the amount paid to plaintiffs by the defendant.

3. The petition, as amended, when properly construed, is an action for a balance due for peaches sold under the contract and subsequent agreement, plaintiffs alleging therein the amounts that the peaches were sold for as reported to them by the defendant, and also the amounts they received, and the damages or amount due them, being the difference between these amounts; and the petition set forth a cause of action.

4. It follows that the court did not err in overruling the demurrer to the petition. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 7, 1933.

*Hall, Grice & Bloch, Ellsworth Hall Jr.,* for plaintiff in error. *George H. Miller, J. A. Henderson,* contra.